Filed 5/6/16  P. v. Olague CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> EDWARD OLAGUE, <br><br> Defendant and Appellant. | F070480 <br><br> (Super. Ct. No. BF103325A) <br><br> **OPINION** |

-ooOoo-

**THE COURT***

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*Before Gomes, Acting P.J., Kane, J. and Peña, J.

## INTRODUCTION

On August 6, 2014, the Kern County Public Defender's Office filed a petition to have defendant Edward Olague resentenced pursuant to Proposition 36 and Penal Code section 1170.126.[1] On November 17, 2014, the trial court denied defendant's petition for resentencing, finding him ineligible under Proposition 36. Defendant's appellate counsel has filed a brief stating there are no issues and seeks independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We affirm the judgment.

## FACTS AND PROCEEDINGS

In October 2003, at the conclusion of a jury trial in Kern County case No. BF103325A, defendant was found guilty of felony battery on a custodial officer (§ 243.1) and felony obstruction of an executive officer (§ 69). The jury also found five prior serious or violent felony convictions were true pursuant to the three strikes law. The prior felony convictions included three robberies (§ 211), forcible oral copulation by force or fear (§ 288a, subd. (c)), and battery with serious bodily injury (§ 243, subd. (d)). Defendant was sentenced to a prison term of 25 years to life.

After defendant filed his petition for resentencing, the People filed opposition, noting defendant's conviction for violating section 288a, subdivision (c) made him ineligible for resentencing under Proposition 36. The People made available our opinion in defendant's appeal from his earlier conviction, inter alia, for forcible oral copulation by means of force or fear. (*People v. Olague* (Oct. 19, 1988, F008691) [nonpub. opn.].) The facts of our earlier opinion state that while incarcerated in the Kern County jail on October 22, 1986, defendant and other inmates attacked and beat cellmate William D. Defendant later asked William D. to orally copulate him. William D. complied out of fear.

---

[1]Unless otherwise indicated, all statutory references are to the Penal Code.

Without objection, both parties relied on our opinion in *People v. Olague*, *supra*, F008691. Based on the description of defendant's act of oral copulation by force or fear, the trial court denied defendant's petition for resentencing, finding him ineligible under Proposition 36.

Under section 1170.126, subdivision (e)(3), a defendant is eligible for resentencing if he or she has no prior convictions as set forth in section 667, subdivision (e)(2)(C)(iv)(I) or 1170.12, subdivision (c)(2)(C)(iv)(I) for a sexually violent offense as defined in Welfare and Institutions Code section 6600. Subdivision (b) of Welfare and Institutions Code section 6600 defines, among other offenses, a violation of Penal Code section 288a as a sexually violent offense.

## APPELLATE COURT REVIEW

Defendant's appointed appellate counsel has filed an opening brief summarizing the pertinent facts, raising no issues, and requesting this court to review the record independently. (*People v. Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating defendant was advised he could file his own brief with this court. By letter on May 15, 2015, we invited defendant to submit additional briefing.

Defendant replied with a letter stating the trial court referred to the preliminary hearing transcript in his prior conviction for section 288a, subdivision (c) and should have referred to the trial transcript instead. The trial court, however, only referred to the presence of the preliminary hearing transcript and expressly stated it was not going to rely on the preliminary hearing. The trial court expressly relied on our appellate decision in *People v. Olague*, *supra*, F008691. Both parties, including defendant's counsel, relied on our prior opinion as well.

Defendant further argues that the record of his conviction did not show the nature of the conduct underlying his conviction. We disagree. Again, *People v. Olague*, *supra*, F008691 unequivocally states the victim orally copulated defendant in jail out of fear

3.

after being beat up by him and other inmates.  There is no merit to either contention raised by defendant in his letter brief.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.